122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Quinn JACKSON, Defendant-Appellant.
 No. 94-50576.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-93-01048-DT(A)(1); Dickran M. Tevrizian, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Quinn Jackson appeals his conviction after conditionally pleading guilty to conspiracy to distribute phencyclidine (PCP), distribution of PCP, and being a felon in possession of a firearm in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 922(g)(1), respectively. He contends the district court erred in denying his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review de novo the denial of a motion to suppress. See United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). We review a probable cause determination for clear error. See United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991).
 
 
 4
 Jackson contends that probable cause did not exist to search his residence because the affidavit in support of the warrant tied Jackson to suspected narcotic trafficking at 115 West 70th Street, but never tied his residence at 115- 1/2 West 70th Street to any drug operations. We rejected essentially the same argument when it was advanced by Jackson's co-defendant and half-brother, Marvin Henson, whose residence at 115- 1/4 West 70th Street was also searched. See United States v. Henson, No. 94-50574, slip op. 10319, 10345-46 (9th Cir. Aug. 21, 1997).
 
 
 5
 Jackson argues that a different rule should apply to him because his residence was located behind and physically separate from the attached residences located at 115 and 115- 1/4 West 70th Street. This distinction does not support the application of a different rule. The affidavit in support of the warrant indicated that Jackson (1) sold drugs in front of 115 West 70th Street and (2) resided at 115- 1/2 West 70th Street. These allegations were sufficient to support the search of Jackson's residence. See Henson, slip op. at 10345-46; cf. United States v. Ramos, 923 F.2d 1346, 1351-53 (9th Cir.1991) (Ramos was not implicated in the enterprise nor named in the affidavit and the affidavit did not indicate that anyone involved in the enterprise resided at the apartment searched).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3